Ermon E. PORTER, Sr., et al., Appellants,

v.

James MOSELY, Appellee.

Supreme Court of Tennessee.

Dec. 16, 1974.

Henry M. Beaty, Jr., Memphis, H. T. Lockard (of counsel), Memphis, for appellants.

Leonard V. Hughes, Jr., Hoffman, Dwyer, Hughes, McWhorter & Wener, P. C., Memphis, for appellee.

## OPINION

HARBISON, Justice.

In this case an attack is made upon the constitutionality of Chapter 135 of the Public Acts of 1969, now codified in T.C. A. §§ 30–801 through 30–804.

The decedent, Nadine P. Mosely, died testate, and her will was duly probated in the Probate Court of Shelby County, Tennessee on July 16, 1973.

Thereafter the surviving husband of the decedent, appellee here, dissented from the will, and his dissent was duly entered of record in the probate court on October 16, 1973. Appellee then petitioned the Court to set aside to him the statutory share of a surviving spouse. Appellants responded to the petition, denying that the appellee was entitled to any allowances or support from the estate of his wife.

Thereafter the probate court appointed commissioners to set aside for the appellee a year's support, and a report was duly received from the commissioners. Appellants excepted to the report of the commissioners upon the ground that the provisions of the statutes allowing a year's support to a surviving husband were unconstitutional.

The probate court held that the statutes were constitutional, but allowed a discretionary appeal to this Court.

Appellants insist that prior to 1969, provisions were made for a year's support to a surviving widow, and that the statutes so providing were consistent with the common-law duty of the husband to support his wife.[1] It is insisted, however, that there is no corresponding duty on the part of the wife to support the husband, and that therefore the statute allowing a year's support to a surviving husband is unconstitutional. It is argued that although Chapter 135 of the Public Acts of 1969 only purported to amend four specific code sections, the legal effect was to introduce a "new theory of law" which was inconsistent with previous law, with the result that more than one subject was embraced in the act.

We find no merit whatever in this insistence. The caption of the act shows that its purpose was to amend specifically four code sections dealing with the statutory allowances to family members. The text of the statute is no broader than the caption.

It is true that the effect of the act is to make the sections no longer applicable solely to a widow, but to provide certain statutory benefits to any surviving spouse, irrespective of sex.

This Court knows of no limitation upon the authority of the Legislature to make equal provisions for surviving spouses, regardless of sex, or to make alternative provisions for support of unmarried minor children out of the estate of a deceased parent, as has been done here.

It is argued that the "only legal theory" upon which the previous statutory year's support to a widow or children could be defended was that it was an extension of the duty of a husband and father to support his family during his life. This, of course, was the purpose of the statute. However, the entire set of provisions for a surviving spouse, including the provisions for the shares of dissenting spouses, is statutory and is subject to amendment by the general assembly within the broad powers possessed by that body.

It is true that in the past the statutes of many states contained provisions for a surviving widow which were broader or more liberal than provisions made for a surviving widower. Such distinctions have been held to lie within the constitutional powers of legislative bodies, and not to constitute unreasonable discriminations upon the basis of sex, so long as they rested upon a "ground of difference having a fair and substantial relation to the object of the legislation." Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974).

Regardless of the fact that it may be constitutionally permissible to provide different statutory benefits to a surviving widow from those to a surviving widower, it certainly does not follow that the

---

1. Actually, Chapter 146 of the Public Acts of 1967 contained the first provisions for a year's support to the husband. The 1969 statute here under consideration clarified the provisions of the 1967 legislation and deleted all references therein which pertained exclusively to persons of one particular sex.

Legislature is prohibited from making equal provision for the spouses. This is all that has been done in the present case. The arguments made in the brief of appellants that the present statutes impliedly repeal existing state law regarding the duty of a husband to support his wife during their marriage, or the criminal sanctions imposed upon him for willful and flagrant neglect of that duty, are without merit.

We hold that the statutes in question are constitutional both as to technical form and as to substance. They are in keeping with the general trend to eliminate or minimize distinctions based upon sex alone.

The assignments of error are overruled and the judgment of the probate court is affirmed at the cost of appellants. The cause will be remanded to the probate court for further proceedings in the administration of the estate of the decedent.

FONES, C. J., and COOPER, HENRY and BROCK, JJ., concur.